[Civ. No. 1887.  Fourth Appellate District.—October 4, 1937.]

In the Matter of the Estate of AMADO MONTIJO, Deceased. NORA GARCIA et al., as Executors, etc., Appellants, v. W. S. SIBLEY, Respondent.

Newby & Newby, Dee Holder, Paul Leiter and J. A. Chase for Appellants.

Waldo E. Burford for Respondent.

MARKS, J.—This is an appeal from an order of the Superior Court of Tulare County sitting in probate determin-

ing that W. S. Sibley is a general creditor of the estate in the sum of $2,373.05.

Appellants attack the order on the following grounds: (1) that it included interest charged in the amount of $2,021.01 on what is termed a "running account" upon which no interest should have been allowed; (2) that it improperly included $391.39 on what is called the "Sanderson account transfer"; (3) that it improperly included $7.50 paid to the Tulare Abstract Company for legal services.

Amado Montijo died on April 23, 1931, the owner of an interest in an orange grove in Tulare County. At that time he was indebted to Sibley in a considerable sum, secured by a continuing mortgage on the crops of oranges. The executors had no money to conduct the farming operations and on three separate occasions secured formal permission of the probate court to continue the operations and for that purpose to borrow money on their unsecured notes bearing interest at not to exceed eight per cent per annum. Notes in a total amount of $8,100, all payable to Sibley, were executed by the executors of the estate. The earlier notes bore interest at the rate of seven per cent per annum and the later at eight per cent per annum.

Sibley was in the business of packing and shipping citrus fruits and handled the crops from the estate property. His bookkeeper did not set up a note account with the estate but carried the charges and credits as an open account. He charged the estate with each advancement made by Sibley and credited it with the returns from the oranges as they came in. While the bookkeeper described a rather complicated method used by him of computing interest, it amounted to a charge of seven per cent interest on the actual net balances owed by the estate.

Appellants argue that as it was an open running account, interest could not be charged on it until demand for payment was made. They have entirely overlooked the fact that the indebtedness was evidenced by promissory notes executed by them under authority of court orders; that all of these notes provided for payment of interest; that the court orders authorized the payment of interest. This is sufficient evidenec of an agreement to pay interest to support this portion of the order. It is evident that the earlier

notes were paid by the returns from the sales of oranges so that the notes unpaid at the time of trial bore interest at the rate of eight per cent per annum. The method used by the bookkeeper in keeping the account cannot change the contract between the parties and destroy the promise of the executors to pay interest. They cannot complain because Sibley chose to forego one per cent of the interest rate to which the notes entitled him. The estate was benefited, not injured thereby.

■ The record shows that the ''Sanderson account'' represented some unsecured debt owing by deceased to Sibley during his lifetime. No claim was presented against the estate for this debt. The time for presentation of claims had expired before Sibley's petition was filed. The amount of this claim, $391.39, was improperly allowed in the order. (Secs. 707, 716, Prob. Code.)

■ The payment of $7.50 to the Tulare Abstract Company for legal services was improperly allowed. The court order did not permit the executors to borrow money for any such purpose. There is nothing in the record to show that this expenditure was for the benefit of the estate.

There seems to be an error of nineteen cents in favor of Sibley in the computations of the trial court.

The $2,373.05 found in the order as owing and unpaid by the estate to Sibley is reduced by the sum of $399.08 to $1973.97 and as so modified the order is affirmed. The parties will pay their own costs of appeal.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 2, 1937, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 2, 1937.